IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

BILLY BOYD THOMPSON, )
)
        Movant, )
)
vs. ) Case No. 10-3330-CV-S-ODS
) Crim. No. 08-3052-01-CR-S-ODS
UNITED STATES OF AMERICA, )
)
        Respondent. )

**ORDER AND OPINION
(1) DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255;
(2) DENYING MOTION TO EXPEDITE AND FOR EVIDENTIARY HEARING (DOC. 6);
AND (3) DENYING MOTION FOR DISCOVERY (DOC. 11)**

Pending is Movant's Motion for Postconviction Relief Pursuant to 28 U.S.C. § 2255 (Doc. 1). The motion is denied.

I. BACKGROUND

Movant was sentenced to 46 months' imprisonment after a jury convicted him of being a felon in possession of a firearm. The Eighth Circuit affirmed Movant's conviction and sentence. *See U.S. v. Thompson*, 365 Fed. Appx. 42 (8th Cir. 2010). Movant's 28 U.S.C. § 2255 motion raises twenty-four grounds for relief, none of which entitle him to an evidentiary hearing.

II. DISCUSSION

The Court is required to grant Movant an evidentiary hearing on his motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Movant's claims are either procedurally barred or lack merit.

Movant raised Grounds 3 and 7-23 in his pro se brief on direct appeal, and the Eighth Circuit held these claims "[were] without merit." *Thompson*, 365 Fed. Appx. at 44. "'[C]laims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.'" *Bear Stops v. U.S.*, 339 F.3d 777, 780 (8th Cir.), *cert. denied*, 540 U.S. 1094 (2003) (citation omitted).

This leaves Grounds 1, 2, 4, and 24. In Ground 1, Movant argues the government never proved the jurisdictional element of 18 U.S.C. § 922(g). Contrary to Movant's assertions, this is not a challenge to the Court's subject matter jurisdiction, which authorizes the Court to hear all cases involving "offenses against the laws of the United States." 18 U.S.C. § 3231. Rather, Movant is challenging the jurisdiction of *Congress* to declare his firearm possession illegal.

To prove the gun Movant possessed in Missouri was in or affected interstate commerce, the government only needed to establish the gun was manufactured outside Missouri. *See U.S. v. Nash*, No. 09-3796, 2010 WL 4941996, at *3 (8th Cir. 2010) ("A firearm manufactured in a state other than the one in which it was found provides a sufficient relationship to interstate commerce" (citation omitted)). The government proved this at trial.

Movant argues the government should have been required to prove more of a relationship between his possession of the firearm and interstate commerce, but *Nash* is to the contrary. Movant is not entitled to an evidentiary hearing on Ground 1.

In Ground 2, Movant argues he received ineffective assistance of counsel because his attorney told him the government would file an information to establish prior convictions under 21 U.S.C. § 851 and that, because of this filing, Movant would face a minimum sentence of 15 years' imprisonment if convicted. Movant also alleges his counsel failed to inform him he could receive a reduction for acceptance of responsibility under the Sentencing Guidelines if he pled guilty, and he asserts he would have pled guilty if he had known he was not subject to a 15-year minimum sentence. In addition, Movant maintains counsel refused to prepare a defense for him, refused to file pretrial motions, and committed numerous other errors.

For ineffective assistance of counsel claims, the Court first determines whether counsel's representation fell below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). The Court then asks whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Counsel's advice that Movant's prior convictions would subject him to a 15-year minimum sentence was correct when it was given. Movant had three prior convictions for escape, including one where he simply walked away from a minimum security facility. At that time, the Eighth Circuit considered all escapes–even where the prisoner merely fails to return or report to custody–to be "violent felon[ies]" under 18 U.S.C. § 924(e). *See U.S. v. Pearson*, 553 F.3d 1183, 1186 (8th Cir. 2009). In January 2009, almost 2 months after Movant's conviction, the Supreme Court held that failure-to-report offenses are not violent felonies. *See Chambers v. U.S.*, 129 S. Ct. 687, 691 (2009). Trial counsel's failure to anticipate this change in the law was not ineffective assistance of counsel. *Sasser v. Norris*, 553 F.3d 1121, 1127 (8th Cir. 2009) ("Trial counsel's failure to anticipate new law does not constitute ineffective assistance of counsel" (citation omitted)).

Counsel's prediction that the government would file an information to establish prior convictions under 21 U.S.C. § 851 (a prerequisite to a 15-year minimum sentence under 18 U.S.C. § 924(e)) also was not ineffective assistance of counsel. This advice reflected reasonable professional judgment considering counsel's perspective at the time; the Court's experience is that the government almost always files an § 851 information–or uses the prospect of filing it as a bargaining tool–when a defendant has qualifying prior convictions. Hindsight proves counsel was wrong, but the Court is required to eliminate hindsight's distorting effects when judging counsel's performance. *See Strickland*, 466 U.S. at 689.

Moreover, there is not a reasonable probability Movant would have pled guilty if his counsel had remained silent regarding the 15-year minimum sentence. Movant admits he learned he was facing only 10 years' imprisonment the first day of trial. Even

after hearing this information, he proceeded with trial, ultimately testifying he did not possess the gun. This demonstrates Movant wanted a trial even after being advised the 15-year minimum sentence did not apply to him.

This conclusion is further supported by Movant's pro se pretrial motions complaining that appointed counsel and Magistrate Judge England were trying to force him to plead guilty against his will (*see* Case No. 08-3052-01, Docs. 21, 39, 40, and 42), as well as his statement at trial that "[a]ll [counsel] wanted me to do was plead guilty and I'm not going to do that."[1] Even if this statement and these pro se motions were ignored, the difference between a 10-year maximum and a 15-year minimum sentence is not enough disparity to undermine the Court's confidence Movant would have insisted on a trial if counsel had advised him he was facing a 10-year maximum sentence.

Similarly, Movant cannot show prejudice with respect to his claim counsel failed to advise him of the Guideline reduction for acceptance of responsibility. After Movant informed the Court at trial that counsel had advised him to plead guilty, the Court stated, "[F]rom a sentencing point of view, there could be some advantage to that. *Those who accept responsibility usually have a lower guideline range*" (emphasis added). Despite this advice, Movant proceeded with trial, and during his testimony he denied responsibility (by testifying he did not possess the firearm). After his conviction, Movant filed a motion alleging additional evidence existed that would have changed the outcome of the trial, and at sentencing he continued to deny responsibility, stating, "[T]the only thing that I can say is any, if I was actually guilty of anything I believe it to be self defense." Since nothing in the record or his current motion suggests Movant would have pled guilty and received an adjustment for acceptance of responsibility, he cannot establish he was prejudiced by counsel's alleged failure to advise him of this reduction.

Movant's remaining allegations of ineffective assistance of counsel under Ground 2 are largely unsupported and self-serving, entitling him to no relief. *See U.S. v. Apfel*, 97 F.3d 1074, 1077 (8th Cir. 1996). Movant alleges counsel informed the government

---

[1] Movant allegation in his § 2255 motion that counsel told him his "only option was to take the case to trial" lacks credibility. Movant's numerous pretrial motions and his statement at trial demonstrate counsel was advising him to plead guilty.

4

how he "was entending [sic] to proceed with his case," but he never identifies what information was reportedly disclosed. Movant contends counsel misinformed him the government would not entertain a plea deal, stating that "such offers are common and a practice that the Government follows in every case," but he fails to cite any evidence a plea offer was extended in *his* case.

Movant alleges counsel mounted no defense and refused to contact witnesses and file certain motions, but he does not identify who those witnesses are or what their testimony would have been, nor does he identify a defense theory or motion that counsel should have pursued. *See Saunders v. U.S.*, 236 F.3d 950, 952-53 (8th Cir. 2001) (holding movant's failure to identify witnesses and their testimony prevents court from evaluating ineffective assistance prongs). Moreover, Movant elected to represent himself 2 weeks before trial, and any errors attributable to his self-representation cannot form the basis of an ineffective assistance of counsel claim. *See U.S. v. Brockman*, 183 F.3d 891, 898 n.7 (8th Cir. 1999).

Movant argues counsel refused to allow him to inspect "the discovery materials," referring to "the attorneys [sic] discovery file" and "[t]he 'Governments [sic] Attorney File.'" Effective assistance of counsel entails "duties to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution." *Strickland*, 466 U.S. at 688. But counsel does not have a general duty to allow a defendant to inspect discovery materials. Movant does not allege counsel failed to review discovery materials or that he was prohibited from discussing discovery materials with counsel. And prejudice has not been established because Movant does not allege how his personal inspection of the discovery materials while counsel was representing him–before he decided to proceed pro se–would have changed the outcome of the trial.

Movant next alleges counsel informed the government that he would use a shoulder holster as evidence at trial, but this same evidence was disclosed by Movant in the exhibit list he later filed. Movant complains counsel did not file a motion to suppress the gun once it was discovered all fingerprint evidence was "destroyed," but Movant filed this motion pro se and the Court orally denied it at the pretrial conference.

Movant complains counsel never pursued a plea offer from the government, but in his pro se pretrial filings he complained counsel was focusing *too much* on a guilty plea and not enough on trial defense strategy. And even assuming counsel failed to pursue a plea offer, there is not a reasonable probability the government would have considered a plea bargain; the evidence establishing Movant's guilt was overwhelming.

Movant further asserts counsel "tricked" him into stipulating he was a felon at trial and "tricked" him into testifying by advising him that his only chance for acquittal was to take the stand, where he would be forced to admit he was a felon. But this advice was reasonable under the circumstances. Since the government presented overwhelming evidence Movant possessed the firearm, counsel reasonably could have believed Movant's only chance for acquittal was to testify in his defense. Also, Movant had a 2003 felony conviction for driving while intoxicated (persistent offender), and the government could have introduced evidence of this conviction to impeach Movant's credibility. *See* Fed. R. Evid. 609(a)-(b). Even if he had not stipulated to being a felon, the government easily could have established this fact at trial.

The Court has examined the remainder of Movant's allegations, including his claim counsel depicted him as "dangerous" before the jury by saying Movant "just don't look like the running kind to me." Given the government's overwhelming evidence of guilt, there is no likelihood any of these alleged errors affected the outcome of the trial. *See Christenson v. Ault*, 598 F.3d 990, 997 (8th Cir. 2010) ("When there is overwhelming evidence of guilt presented, it may be impossible to demonstrate prejudice" (citations omitted)). Movant is not entitled to an evidentiary hearing on Ground 2 in his motion.

Ground 4 alleges counsel was ineffective for failing to object to Instruction 19, which Movant claims broadened the charge alleged in the Indictment. This instruction permitted the jury to convict if they determined "the firearm was transported across a state line at some time during or before the defendant's possession of it." The indictment used different language, alleging Movant possessed a firearm "in and affecting commerce." But this language did not broaden the charge in the indictment because the offense–being a felon in possession of a firearm–remained the same. And

6

evidence the gun was transported across state lines constituted proof that Movant's possession affected commerce. See Nash, 2010 WL 4941996, at *3 (noting only minimal nexus with interstate commerce required). Ground 4 does not entitle Movant to an evidentiary hearing.

Lastly, Ground 24 claims counsel was ineffective for failing to object to an alleged misapplication of Sentencing Guideline § 4A1.1, which provides instructions for calculating a criminal history score. The relevant subsections state:

> (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
>
> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).

USSG § 4A1.1.

Three points were added to Movant's criminal history score under (a) because he received a 3-year sentence on August 19, 2004, for driving while intoxicated. Two points were added to Movant's criminal history score under (b) because he received a 120-day sentence on August 24, 2004, for driving with a revoked license.

Movant argues the two points under § 4A1.1(b) should not have been added because his 120-day sentence was ordered to run concurrent with his 3-year sentence and because he was arrested for both offenses on the same day. The Court construes Movant's argument to be that the two sentences should have been counted as a single sentence in § 4A1.1(a), which would have precluded the sentence from being counted again in (b). See § 4A1.1(b) (stating points should be added only for prior sentences "not counted in (a)").

Movant's argument is contrary to USSG § 4A1.2(a)(2), which applies when a defendant has "multiple prior sentences." Prior sentences imposed for offenses not separated by an intervening arrest (like Movant's) are to be counted "separately" unless "(A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." USSG § 4A1.2(a)(2).

Neither (A) nor (B) are met here. The presentence investigation report shows Movant's 3-year sentence was imposed in "Case No.: 03CR787260-01," while his 120-day sentence was imposed in "Case No.: CR803-0283M," proving different charging instruments were used. And Movant's 3-year sentence was imposed on August 19, 2004, while his 120-day sentence was imposed in on a different date, August 24, 2004. Since neither (A) nor (B) are met, Movant's prior sentences were correctly counted separately. *See* USSG § 4A1.2(a)(2).

### III.  CONCLUSION

No evidentiary hearing is required on Movant's § 2255 motion, and it is denied. Movant's motion for an evidentiary hearing and motion for discovery also are denied. IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: January 11, 2011                    UNITED STATES DISTRICT COURT